IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD JOHN BAUER and
JOSHUA RICHARD BAUER,

                                    Plaintiffs,                    OPINION AND ORDER

        v.                                                               12-cv-453-wmc

WILLIAM A. KELLY, VICTOR V.
SPRINGELMEYER, TERRY KURT,
P. CANTER NEWTON, JAY DICKERSON,
ROBERT ROTH, JERRY WESTEMEIR, and
KIETH BRANDEL,

                                    Defendants.

        This is a proposed civil action under 42 U.S.C. §§ 1983, 1985 in which plaintiffs

Richard John and Joshua Richard Bauer allege that a number of individuals violated a

variety of their constitutional rights.  Plaintiffs ask for leave to proceed under the *in forma*

*pauperis* statute, 28 U.S.C. § 1915.  From the financial affidavits provided, the court

concluded that plaintiffs are unable to prepay the fee for filing this lawsuit.  The next

step is determining whether plaintiffs' proposed action is (1) frivolous or malicious; (2)

fails to state a claim on which relief may be granted; or (3) seeks money damages from a

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Because the

allegations do not meet the requirements of Federal Rule of Civil Procedure 8, the court

will dismiss the complaint without prejudice.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes these probative facts based on the allegations in his complaint:

- Defendants William A. Kelly and Victor V. Springelmeyer are or were state court judges in Illinois. Plaintiffs allege that these judges conspired to deny plaintiffs due process of law, equal protection, first amendment rights of speech, petition, press, and assembly, fourth amendment rights, fifth amendment rights, sixth amendment right to speedy and public trial, and, fourteenth amendment rights.

- Defendant Terry Kurt is a prosecutor. Plaintiffs allege that he denied Richard Bauer due process of law, equal protection of law, and conspired with the other defendants to deny both plaintiffs their first, fourth, fifth, sixth and fourteenth amendment rights.

- Defendants P. Cater Newton and Jay Dickerson are both employees of the Galena Gazette. Newton is the publisher; Dickerson is the editor. Plaintiffs allege that Newton conspired with the other defendants since 1997 to falsely arrest, and deny first amendment rights of freedom of press, speech, to assemble and access to the "public accommodat[ion] of the Galena Gazette" to the plaintiffs. (Compl. (dkt. #1) p.2.) Plaintiffs also allege that Dickerson called police to have Richard Bauer arrested and denied both plaintiffs freedom of press.

- Defendant Jerry Westemeir is a chief of police. Plaintiffs allege that he conspired with the other defendants "as respondeat superior" to deny plaintiffs their constitutional rights of equal protection and due process of law. (Compl. (dkt. #1) p.3.)

- Defendant Kieth Brandel is a police officer. Plaintiffs allege that he falsely arrested Richard Bauer and intimidated Joshua Bauer by telling him to leave or risk arrest.

- Defendant Robert Roth is an attorney. Plaintiffs allege that he sent correspondence to Richard Bauer informing him that "he was not welcome at the Gazette." (Compl. (dkt. #1) p.3.)

OPINION

As evidenced from the description above, plaintiffs fail to provide *any* detail as to the nature of their complaint.  In a short, straightforward court form, plaintiffs were directed as follows:  "[T]ell what specific incidents or conversations occurred which led you to believe your constitutional or federal rights have been or are presently violated. IT IS IMPORTANT THAT THE ALLEGATIONS BE BRIEF, BUT SPECIFIC."  Instead, the court knows virtually nothing from the complaint about the nature of plaintiffs' complaint, other than it somehow involves the Galena Gazette.

Federal Rule of Civil Procedure 8 requires that a complaint set forth (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought.  This is not an empty requirement.  The court needs this information to understand whether the proposed cause (or causes) of action are properly before this court and properly alleged against these defendants.  Without some specific allegations -- who said or did what, when and where -- the court cannot tell whether plaintiffs have a valid claim and, if so, against which defendants, nor can defendants fairly defend against this action.

Putting aside this pleading issue, the court finds that plaintiffs cannot proceed against certain defendants regardless of the nature of plaintiffs' claims.  First, Judges Kelly and Springelmeyer have absolute judicial immunity from liability for their alleged judicial acts.  The doctrine of judicial immunity applies even if their acts were maliciously or corruptly motivated.  *Mireles v. Waco*, 502 U.S. 9 (1991).  This immunity is not for the

3

protection or benefit of a malicious or corrupt judge, but for the benefit of the public, which has an interest in a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. *Pierson v. Ray*, 286 U.S. 547, 554 (1967). Second, defendant Kurt is identified as a prosecutor, who is entitled to absolute immunity from liability for acts in initiating and pursuing criminal prosecutions. *Kalina v. Fletcher*, 522 U.S. 118 (1997). In this case, defendant Kurt's prosecution of Richard Bauer was just such an act for which he is absolutely immune. Therefore, plaintiffs may not proceed on any civil claim against defendants Kelly, Springelmeyer and Kurt.

Plaintiffs also purport to bring § 1983 and § 1985 claims against three private citizens -- the publisher of the Galena Gazette P. Carter Newton, the editor of the Galena Gazette Jay Dickerson, and an attorney Robert Roth, who appears to be representing the Galena Gazette. In order to constitute state action under 42 U.S.C. § 1983, "the [constitutional] deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible . . . [and] the party charged with the deprivation must be a person who may fairly be said to be a [S]tate actor." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). There is nothing in the complaint that would support finding Newton, Dickerson and Roth to be state actors. Absent a general statement of a "conspiracy," plaintiffs also fail to allege any facts sufficient to bring these private individuals within the scope of state action.

This leaves claims against two defendants: police officer Kieth Brandel, who allegedly arrested Richard Bauer and threatened Joshua Bauer with arrest; and the Chief

of Police Jerry Westemeir, whose alleged conduct is less clear.  The court can discern that Brandel was directly involved in the alleged constitutional violation.  Plaintiffs appear to assert that Westemeir is somehow liable "as respondeat superior."  (Compl. (dkt. #1) p.3.)  To the extent that this phrase has actual meaning to plaintiffs, liability under § 1983 cannot be premised on a respondeat superior theory; rather, for Westemeir to be liable as a supervisor under § 1983, the "conduct causing the constitutional deprivation [must] occur[] at the supervisor's direction or with the supervisor's knowledge and consent."  *Nanda v. Moss*, 412 F.3d 836, 842 (7th Cir. 2005).

So, where does this leave plaintiffs?  Because the complaint does not comply with Rule 8, the court will dismiss it without prejudice.  Plaintiffs, however, will be afforded an opportunity to submit an amended complaint against defendants that complies with Rule 8, as well as this Opinion and Order.  Attached to this opinion is a blank complaint form for plaintiffs to fill out.  In filling out the form, plaintiffs should explain the *specific* facts supporting their claims in full sentences, in numbered paragraphs and in a way that would enable someone reading the complaint to understand why plaintiffs believe Richard Bauer was arrested without probable cause *and* how each defendant specifically participated in Bauer's arrest in a way that would justify the assertion of a claim or claims against them.  If plaintiffs believe they can state a claim against defendants Kelly, Springelmeyer and Kurt, plaintiffs must allege facts to show that these defendants were acting *outside* of the scope of their judicial or prosecutorial roles.  If plaintiffs believe they can state a claim against defendants Newton, Dickerson and Roth, they must allege facts demonstrating that they were acting under color of state law.

5

Plaintiffs will have until January 21, 2014, to file an amended complaint that complies with Rule 8 and this Opinion and Order.  If plaintiffs do this, the court will take the amended complaint under advisement for screening pursuant to 28 U.S.C. § 1915.  If they fail to respond to this order by January 21st, however, the court will close this action.


ORDER

IT IS ORDERED that:

1)  plaintiffs Richard John Bauer and Joshua Richard Bauer's complaint is DISMISSED without prejudice for their failure to comply with Fed. R. Civ. P. 8;

2)  plaintiffs may have until January 21, 2014, in which to file an amended complaint that complies with Fed. R. Civ. P. 8; and

3)  if plaintiff fails to file an amended complaint by that date, the clerk's office is directed to close this case.

Entered this 18th day of December, 2013.

BY THE COURT:

/s/
_____

WILLIAM M. CONLEY
District Judge